## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TIMOTHY CHILDS,** ) | |
| ) | |
| Plaintiff, ) | **JURY TRIAL REQUESTED** |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| **FERRELLGAS, INC.** ) | |
| Registered Agent: ) | |
| The Corporation Company, Inc. ) | |
| 12 SW 7th Street, Suite 3C ) | |
| Topeka, KS  66603 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Timothy Childs (Plaintiff) states the following as his causes of action against Defendant Ferrellgas, Inc. (Defendant).

1. Plaintiff is a resident of Johnson County, Kansas.

2. Defendant Ferrellgas, Inc. is a corporation organized under the laws of Delaware that transacts business as a propane provider in Johnson County.

.   3. Plaintiff worked at Ferrellgas from February 4, 2019 until February 12, 2019 in Johnson County, Kansas.

4. Venue is proper because the cause of action arose and the discriminatory actions giving rise to the claims occurred in Johnson County, Kansas, where Plaintiff was employed.

5. There is diversity of citizenship pursuant to 28 USC 1332 and 28 USC 1331.

6. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that the Defendant engaged in discriminatory actions that are being raised in Counts II, III and IV of this lawsuit or, alternatively, all conduct alleged herein would have arisen from the investigation of such Charge of Discrimination and/or

Defendant Ferrellgas have had notice of the allegations in Counts II, III and IV raised in the Charge of Discrimination.

7. A Notice of Right to Sue has been issued from the EEOC and this action is being brought within ninety (90) days from the issuance of such Notice of Right to Sue letter.

8. Plaintiff has fulfilled all conditions precedent to the bringing of his claims under Counts I, II and III and has duly exhausted all administrative procedures prior to instituting this lawsuit in accordance with the law.

## COUNT I
## HARASSMENT BASED ON RACE AND DISPARATE TREATMENT IN TERMS AND CONDITIONS OF EMPLOYMENT

9. Plaintiff hereby incorporates the allegations in paragraphs 1 through 8 into Count I of his Complaint until his constructive discharge on February 12, 2019. Plaintiff was subjected to a hostile and abusive work environment based on race on a continuing nature, which he found to be and which was reasonably offensive, and subjected employees to different terms and condition of employment based on race, based on the conduct and actions of members of management of Defendant Ferrellgas. Non-exhaustive examples of the racially hostile and offensive work environment and different terms and conditions of employment based on race, include the following, without limitation:

    a. Plaintiff was interviewed for the Ferrellgas position by the District Manager, Chad Barnes. It was an unpleasant interview that involved doing nothing but listening to Mr. Barnes complain that some woman was taking his job. Barnes' direct boss was the Regional Manager, Dan.

    b. On February 8, 2019, during ride-along training, Plaintiff was placed with

an experienced co-worker, Jeff.  Jeff immediately turned on a conservative talk radio station and it became apparent in conversation that Jeff was friends with both Barnes and Dan in management.  Jeff did not hide his racial animus towards Plaintiff and began grilling Plaintiff regarding why African-Americans found blackface so offensive.  Plaintiff explained that it was not okay to treat people like animals and/or costumes.  Jeff said it was all just for fun.

        c.        The day of the ride-along training was frigidly cold and required a piece of equipment called a "trencher" to check for a leak.  Plaintiff asked why a trencher was not loaded for the job, as this was exactly the situation that needed a trencher and it would be almost impossible to dig through the frozen ground without it.  Jeff told Plaintiff, "That's what I've got you for."

        d.        The next job was to switch a line from natural gas to propane.  Plaintiff's boots got wet digging outside.  While Plaintiff and Jeff waited for a man named Gates to help with the furnace, Plaintiff dried his boots by the furnace.  He also installed a second stage regulator but Jeff took it off and installed a pipe.  Gates showed up with a plan to use the second stage regulator that Plaintiff had already installed and Jeff had removed.  So Plaintiff essentially installed a second stage regulator twice and Jeff had taught him nothing during the training day.

        e.        While waiting afterwards Plaintiff showed Jeff a photo of one of his motorcycles.  Jeff became enraged and cussed out Plaintiff, claiming Plaintiff had made him late.  Jeff lunged towards Plaintiff in a physically threatening way.

        f.        At the close of the day Plaintiff reported Jeff's behavior to Senior Human Resources Specialist Sue Hasty, including having to explain to Jeff why blackface was offensive.  Plaintiff did not want to work with Jeff again.  Ms. Hasty informed Plaintiff that she did not see

personnel changing because Jeff made too much money and he was a valuable employee. She suggested that Plaintiff take a couple of weeks off, unpaid, to determine if he still wanted to work at Ferrellgas. Plaintiff felt he was being retaliated against for complaining to HR regarding race discrimination. Nothing would be done to address Jeff's racist behavior because Jeff was friends with management. Plaintiff refused to sign the severance package he was offered.

10. A contributing or motivating factor in the hostile and abusive work environment based on race and disparate terms and conditions of employment was Plaintiff's race, African-American. Defendant's management perpetrated and were aware of the racially charged work environment and disparate treatment based on race.

11. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, a detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

12. The conduct of Defendant was intentional, malicious, and/or outrageous and evidenced an evil motive or conscious disregard for the rights of Plaintiff and others similarly situated, entitling Plaintiff to an award of punitive damages. Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

**WHEREFORE,** under Count I, Plaintiff prays for judgment against Defendant Ferrellgas for actual, compensatory and punitive damages in an amount in excess of $25,000, all

costs, expert witness fees, expenses and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1991 - RACE DISCRIMINATION AND WRONGFUL DISCHARGE

13.     Plaintiff hereby incorporates those allegations contained in paragraphs 1 through 12 into Count II of his Complaint.

14.     A contributing or motivating factor in Plaintiff's disciplinary action resulting in the termination of his employment was Plaintiff's race, African American.

15.     As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, a detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.  Plaintiff is also entitled to other appropriate equitable relief.

16.     The conduct of Defendant was intentional, malicious, and/or outrageous and evidenced an evil motive or conscious disregard for the rights of Plaintiff and others similarly situated, entitling Plaintiff to an award of punitive damages.

17.     Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

**WHEREFORE,** under Count II, Plaintiff prays for judgment against Defendant Ferrellgas for actual, compensatory and punitive damages in an amount in excess of $75,000, all

costs, expert witness fees, expenses and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TITLE VII OF THE CIVIL RIGHTS ACT OF 1991 RETALIATION INCLUDING WRONGFUL DISCHARGE AND HARASSMENT

18. Plaintiff hereby incorporates those allegations contained in paragraphs 1 through 17 into Count III of his Complaint.

19. Plaintiff engaged in protected activity under TITLE VII by reporting and documenting the offensive racial comment of a co-worker towards him, through Plaintiff's complaints of disparate treatment based on race and racial comments and actions of Defendant Ferrellgas and in contacting human resources about complaints of racial discrimination.

20. Defendant Ferrellgas' management and unknown others, acting in the interest of Defendant Ferrellgas, became aware of Plaintiff's protected activity under TITLE VII.

21. A contributing or motivating factor in the constructive discharge of Plaintiff's employment was Plaintiff's protected activity as alleged herein.

22. As a direct and proximate result of the unlawful conduct of Defendant Ferrellgas as set forth herein in Count III. Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, a detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

23. The conduct of Defendant Ferrellgas was intentional, malicious, and/or

outrageous and evidenced an evil motive or conscious disregard for the rights of Plaintiff and others similarly situated, entitling Plaintiff to an award of punitive damages.

24. Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

**WHEREFORE,** under Count III, Plaintiff prays for judgment against Defendant Ferrellgas for actual, compensatory and punitive damages in an amount in excess of $75,000, all costs, expert witness fees, expenses and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all of the allegations contained in this Complaint that are triable before a jury.

          **BRATCHER GOCKEL LAW, L.C.**

          By    /s/Lynne Jaben Bratcher
              Lynne Jaben Bratcher, Mo. Bar No.:  31203
              Marie L. Gockel, Mo. Bar No.:  31208
              4014 B South Lynn Court
              Independence, MO  64055
              Ph: (816) 221-1614
              Fax: (816) 421-5910
              E-Mail:  lynne@bgklawyers.com
                             marie@bgklawyers.com

          **ATTORNEYS FOR PLAINTIFF**